Filed 7/18/24  P. v. Smith CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JIMMY DARIL SMITH,<br><br>　　　Defendant and Appellant. | D083294<br><br><br><br>(Super. Ct. No. SCE412383) |

APPEAL from an order of the Superior Court of San Diego County, Sherry M. Thompson-Taylor, Judge.  Affirmed.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In May 2022, an El Cajon police officer stopped Jimmy Daril Smith while riding a bicycle because he did not have a rear red reflector on his bicycle.  When questioned by the officer, Smith admitted that he had a knife in his pocket and, after being handcuffed, the officer located an unsheathed four-inch fixed blade knife in Smith's pocket.  Smith was charged with

carrying a concealed dirk or dagger (Pen. Code, § 21310). The complaint alleged a strike prior.

In 2023, Smith pled guilty to the charge and admitted the strike prior. Thereafter, the court granted Smith's motion to withdraw his guilty plea. At trial, the jury convicted him of the charged offense, and Smith admitted the strike prior.

At sentencing, the court denied Smith's motion to reduce the offense to a misdemeanor, but granted the defense motions to strike the strike prior pursuant to *People v. Romero* (1996) 13 Cal.4th 497, and to strike fines and fees pursuant to *People v. Duenas* (2019) 30 Cal.App.5th 1157. The court sentenced Smith to 365 days in custody, and two years' probation with a condition, *inter alia*, that he participate in a cognitive behavioral counseling program.

Smith filed a timely notice of appeal.

Smith's appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating that counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asked the court to review the record for error as mandated by *Wende*. Counsel also filed a declaration stating that counsel provided Smith with a copy of the *Wende* brief and advised Smith of the *Wende* procedures and of his right to file a supplemental brief and to move to relieve counsel. No supplemental brief has been received.

To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (Anders), counsel has identified the following possible issues that were considered in evaluating the potential merits of Smith's appeal: whether the trial court improperly denied appellant's motion to dismiss the section 21310 charge on the basis that it violated his Second

2

Amendment right to bear arms; and whether probation condition 14c ("[d]o not remain in the presence of any person who you know illegally possesses a firearm, deadly weapon, or ammunition") is unconstitutionally overbroad.

## DISCUSSION

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Smith on this appeal. We therefore affirm.

## DISPOSITION

The judgment is affirmed.

KELETY, J.

WE CONCUR:

DATO, Acting P. J.

BUCHANAN, J.